# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CR-01-202-R |
| JIMMY EUGENE RHODES, | ) |  |
| Defendant. | ) |  |

## ORDER

On November 13, 2019, the Court issued an Order requiring the United States Attorney for the Western District of Oklahoma to advise the Court of its position in the case in light of a Memorandum and Order dated November 5, 2019 from the United States District Court for the Southern District of Illinois purporting to vacate this Court's sentence as to Counts 1 and 3, finding that Defendant was not subject to enhancement under the Armed Career Criminal Act and ordering this Court to resentence Mr. Rhodes. The United States responded to the Court's Order by filing a Motion to Strike Judge Yandle's November 5, 2019 Order. (Doc.No. 160). Mr. Rhodes, relying on Judge Yandle's Order, filed a Motion for Immediate Release. (Doc.No. 161). The Court presumes that the parties believed their respective positions were laid out in their motions, and therefore neither responded to the others motion. The Court hereby DENIES both motions but pays no heed to Judge Yandle's Order either. Just as this Court lacks the authority to strike Judge Yandle's Order, Judge Yandle lacks the authority to order this Court to vacate Mr. Rhodes' sentence or his sentencing enhancement or to resentence him. It is simply beyond the scope of her authority. *See Hill v. Sepanek*, 2017 WL 73338, *8 (E.D. Ky. January. 6, 2017)("This

Court cannot compel another court [to resentence defendant.]"); 21 C.J.S. Courts § 253 ("Courts of [coordinate] jurisdiction are courts of equal dignity as to the matters concurrently cognizable, neither having supervisory power over the other."); *United States v. Brye*, 935 F. Supp. 2d 1319 (M.D. Fla. 2013)(concluding that a federal district court in Georgia lacked jurisdictional authority to order the Florida court to resentence a criminal defendant); *Marshall v. Yost*, No. 09-62J, 2010 WL 5053920, * 9 (W.D. Pa. 2010)("this Court does not have the power to order the sentencing court to re-sentence Petitioner.").[1]

**IT IS SO ORDERED** this 19th day of December 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Both Judge Yandle's Order and the Government's motion set out the procedural posture of this case. Accordingly, the Court finds no reason to recite the information herein. It appears beyond doubt, however, that Mr. Rhodes' efforts would have failed in this Court, as his most recent request for leave to file a successive § 2255 motion was denied by the Tenth Circuit in October 2019.